UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE REYNA BENAVIDES | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:23-CV-67 |
| FEDERAL DEPARTMENT OF INVESTIGATION | § § § | |

# REPORT AND RECOMMENDATION OF
# THE UNITED STATES MAGISTRATE JUDGE

On August 11, 2023, United States District Judge Marina Garcia Marmolejo warned Anastacio R. Barrera ("Barrera") if he continues to unlawfully practice law, he may be referred to prosecutorial authorities. (Dkt. No. 16). Despite this, on August 16, 2023, Barrera filed a motion for reconsideration on behalf of Plaintiff, and on August 29, 2023, filed a motion to quash the district judge's order striking his submissions. (Dkt. Nos. 19 and 21). On December 12, 2023, the motions were referred to the Undersigned for a report and recommendation. (Dkt. No 22). Because Barrera has failed to refute concerns regarding the unauthorized practice of law, the Undersigned recommends it be:

   (1) **ORDERED** that Plaintiff's motion for reconsideration, (Dkt. No. 19), and motion to quash, (Dkt. No. 21), be stricken from the record;

   (2) **ORDERED** that Barrera is prohibited from giving legal advice or rendering legal services to Plaintiff in connection with this matter;

   (3) **ORDERED** that Barrera is prohibited from preparing or making any filings on behalf of Plaintiff in this case;

   (4) **ORDERED** that any further filings by Barrera be stricken from the record; and

(5) **ORDERED** that the Clerk of Court shall mail copies of this order and all docket entries to the Texas Unauthorized Practice of Law Committee, P.O. Box. 12487, Austin, Texas 78711.

## I. BACKGROUND

On July 7, 2023, Anastacio R. Barrera ("Barrera") filed a complaint in this matter on behalf of *pro se* Plaintiff Maria Guadalupe Reyna Benavides. (Dkt. No. 1). According to the complaint, Barrera purports to act as "attorney-in-fact" pursuant to a general power of attorney. (*Id*. at 3). On July 27, 2023, United States District Judge Marina Garcia Marmolejo dismissed Plaintiff's lawsuit without prejudice. (Dkt. No. 10). Subsequently, Barrera filed an evidentiary supplement and two letters. (Dkt. Nos. 13, 14, 15). Because Barrera is not an attorney authorized to represent Plaintiff, his submissions were stricken. (Dkt. No. 16). Further, the district judge warned Barrera if he continues to unlawfully practice law, he may be referred to prosecutorial authorities. (*Id*.). Despite this, on August 16, 2023, Barrera filed a motion for reconsideration on behalf of Plaintiff, and on August 29, 2023, filed a motion to quash the district judge's order striking his submissions. (Dkt. Nos. 19 and 21).

On December 12, 2023, the motions were referred to the Undersigned for a report and recommendation. (Dkt. No 22). The Undersigned then entered a show cause order explaining even a valid power of attorney does not permit a non-attorney to represent a litigant in federal court. (Dkt. No. 23 at 2). Therefore, Barrera was ordered to show cause in writing by December 29, 2023, why sanctions should not be imposed against him for engaging in the unauthorized practice of law. *(Id.* at 3). This deadline passed without any submission by Barrera.

## II. LEGAL STANDARD

Federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). Within this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. The Supreme Court, furthermore, has recognized "that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This power naturally extends to sanctioning parties who engage in the unauthorized practice of law before the court. *See United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003) ("It follows logically that a federal court's power to regulate and discipline attorneys appearing before it extends to conduct by nonlawyers amounting to practicing law without a license."); *accord Graham v. Dall. Indep. Sch. Dist.*, No. 3:04-CV-2461-B, 2006 WL 507944, at *4 (N.D. Tex. Jan. 10, 2006) (recognizing that "the unauthorized practice of law [is] sanctionable under the court's inherent authority").

"The court possesses the discretion to tailor sanctions to the particular facts of the case." *In re Prewitt*, 280 F. Supp. 2d 548, 562 (N.D. Miss.), aff'd, 84 F. App'x 397 (5th Cir. 2003). Courts must exercise caution, however, and choose a sanction that "employ[s] the least possible power adequate to the end proposed." *Id*. (citing *Chambers*, 501 U.S. at 44–45). In other words, courts should impose the least severe sanction sufficient to deter violative conduct in the future. *See Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988).

Upon discovering abusive litigation practices involving the unauthorized practice of law, district courts have imposed various sanctions including a monetary fine, bar to filing, attorney's fee award to adverse parties, prohibition on representing other parties in court, and referral to the state committee for the unauthorized practice of law. *See McPhail v. United States*, No. 5:22-CV-253-H-BQ, 2022 WL 20510185 (N.D. Tex. Dec. 29, 2022), *R. & R. adopted*, No. 5:22-CV-253-H-BQ, 2023 WL 5216501 (N.D. Tex. Aug. 14, 2023) (collecting cases); *See also Wilkins v. Atty. Keval Patel L. Firm*, No. 3:23-CV-88, 2023 WL 5173984 (S.D. Tex. June 26, 2023).

### III. ANALYSIS

As an initial observation, there is no "Anastacio R. Barrera" admitted to practice before the bar of the Southern District of Texas. A search for an attorney named "Anastacio R. Barrera" on the State Bar of Texas's public website (https://www.texasbar.com) returns no results. A search for an attorney named "Anastacio R. Barrera" on the Board of Disciplinary Appeals appointed by the Supreme Court of Texas's public website (https://www.txboda.org) also returns no results. If Barrera is licensed in a jurisdiction other than Texas, he has failed to seek permission from this Court to appear without admission. *See* S.D. TEX. L.R. 83.1.K. Accordingly, Barrera's purported representation of Plaintiff appears to be unlawful.

For purposes of this order, the Undersigned will assume without deciding that Plaintiff has entered into a valid agreement granting Barrera power of attorney. Even with that assumption, however, Barrera is not authorized to represent Plaintiff or any other *pro se* party in federal court.

By statute, a federal litigant "may plead and conduct their own cases *personally or by counsel.*" *See* 28 U.S.C. § 1654 (emphasis added). Based on all information before the Court, Barrera is not an attorney authorized to practice law in Texas or elsewhere. Section 1654 does not permit a non-attorney to represent a litigant in federal court and even a valid power of attorney does not permit it. *Hill v. First Fin. Bank Shares*, No. 1:17-CV-0025-BL, 2017 WL 838267, at *2 (N.D. Tex. Mar. 2, 2017); *McPhail*, 2022 WL 20510185 at *4; *Wilkins*, 2023 WL 5173984 at *2; *accord Conely v. Lee*, No. A–14–CA–242–SS, 2014 WL 2722727, at *2 (W.D. Tex. June 13, 2014) ("A person may represent herself, but the law does not allow her to act as an attorney for others, even under a power of attorney."). This is because to proceed "*pro se* means to appear for one's self," and therefore "a person may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *accord Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam). While a power of attorney "may confer certain decision-making authority under state law," it does not change the requirements of § 1654. *Hill*, 2017 WL 838267, at *2; *Wilkins*, 2023 WL 5173984 at *2; *Williams v. United States*, 477 F. App'x. 9, 11 (3d Cir. 2012) (per curiam).

Thus, as an unlicensed person, Barrera may not represent anyone other than himself in federal court. Any attempt to do so, even with a valid power of attorney, likely constitutes the unauthorized practice of law.[1] Barrera was previously warned

---

[1] "An individual that is not licensed to practice law cannot use representative devices 'as an artifice for the unauthorized practice of law.'" *Dutschmann v. City of Waco*, No. 6:22-CV-00094-ADA-JCM, 2022 WL 837498, at *1 (W.D. Tex. Jan. 27, 2022) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Under Texas state law, an individual engaging in the unauthorized practice of law may be subject to criminal and civil penalties. *See* Tex, Pen. Code § 38.123 (Class A misdemeanor); Tex. Gov't Code § 81.101 (a) (defining unauthorized practice of law), § 81.104(2) (assigning the Unauthorized Practice of Law Committee the duty to "seek the elimination of the unauthorized practice of law by

by Judge Garcia Marmolejo that he "is not an attorney authorized to represent Plaintiff," but his conduct demonstrates he was not deterred. (Dkt. No. 16.). Following Judge Garcia Marmolejo's warning, on August 16, 2023, Barrera filed a motion for reconsideration on behalf of Plaintiff, and on August 29, 2023, filed a motion to quash the district judge's order striking his submissions. (Dkt. Nos. 19 and 21). When the Undersigned ordered Barrera show cause why he should not be sanctioned, he did not respond. (*See* Dkt. No. 23). In light of the foregoing, including Barrera's disregard of Judge Garcia Marmolejo's warning against the very conduct he has once again committed herein, the Undersigned recommends the district judge impose the reasonable sanctions detailed immediately below against Barrera.

## IV. RECOMMENDATION

Because Barrera has failed to refute concerns regarding the unauthorized practice of law, the Undersigned recommends it be:

(1) **ORDERED** that Plaintiff's motion for reconsideration, (Dkt. No. 19), and motion to quash, (Dkt. No. 21), be stricken from the record;

(2) **ORDERED** that Barrera is prohibited from giving legal advice or rendering legal services to Plaintiff in connection with this matter;

(3) **ORDERED** that Barrera is prohibited from preparing or making any filings on behalf of Plaintiff in this case;

(4) **ORDERED** that any further filings by Barrera be stricken from the record; and

(5) **ORDERED** that the Clerk of Court shall mail copies of this order and all docket entries to the Texas Unauthorized Practice of Law Committee, P.O. Box. 12487, Austin, Texas 78711.

---

appropriate actions and methods, including the filing of suits in the name of the committee"). The Undersigned, however, expresses no opinion on whether Barrera's conduct violates Texas law.

The Clerk's office shall mail a copy of this order to Plaintiff at her address of record, and also to Barrera directly at the address listed in the general power of attorney. (*See* Dkt. No. 1 at 3).

### NOTICE TO PARTIES

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** January 4, 2024.

_____
Christopher dos Santos
United States Magistrate Judge